UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAN VAN DUSEN<br><br>    Plaintiff.<br><br>   v.<br><br>CATHERINE D. PURCELL, et al.,<br><br>    Defendants. | Case No. 16-cv-04976-LB<br><br>**ORDER**<br><br>[Re: ECF No. 1] |

## INTRODUCTION

This is a putatively *in forma pauperis* lawsuit. The plaintiff is a lawyer who was convicted of a felony for animal cruelty[1] who now challenges the state bar's interim suspension of her while she appeals her conviction.[2] She raises two claims: (1) the suspension violates her right to practice her profession under the Due Process and Equal Protection clauses of the Fourteenth Amendment and also violates the Eighth Amendment; and (2) the state bar's procedures for setting aside interim suspensions also violate the Due Process clause because they require her to admit not just the fact of her felony but also the substance of the charges, thereby destroying her appeal rights.[3]

---

[1] *See* Order — No. 13-cv-05023-HSG, ECF No. 263 at 1. Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] Complaint — ECF No. 1.

[3] *Id.* at 6-21.

ORDER — No. 3:16-cv-04976-LB)

As defendants, she names judges who apparently are part of the state-bar court, the president of the Bar Association's Board of Trustees, and the chief trial counsel, all in their official capacities.[4] She seeks declaratory or injunctive relief so that she can practice law until she resolves her appeals and any habeas proceedings and to prohibit the defendants from "administering the discipline system in violation of the Due Process and Equal Protection Clauses."[5]

## GOVERNING LAW

Federal courts are courts of limited jurisdiction. *E.g., Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The plaintiff bears the burden of proving that her case is within federal jurisdiction. *See, e.g., In re Ford Motor Co. / Citibank (S.D.)*, *N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

The plaintiff is *pro se* and proceeding *in forma pauperis*. A complaint filed by any person proceeding *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review. The court must engage in a screening and dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 and n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints . . . ."); *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). A complaint that lacks any basis for federal subject-matter jurisdiction is subject to dismissal under § 1915(e)(2). *Cato v. United States*, 70 F.3d 1103, 1106–07 (9th Cir. 1998).

---

[4] *Id.* ¶ 6.
[5] *Id.* at 22.

**ANALYSIS**

Ms. Van Dusen's complaint is barred for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602 (9th Cir. 2005).

The *Mothershed* plaintiff was an attorney licensed in Oklahoma but practicing in Arizona. *Mothershed*, 410 F.3d at 605. Following bar disciplinary proceedings, the Supreme Court of Arizona censured him for practicing law without a license. *Id.* at 605. The Oklahoma bar association then brought disciplinary proceedings against him, on the basis of the Arizona censure, and the Oklahoma Supreme Court disbarred him. *Id.* He then sued in federal district court. *Id.*

Much like Ms. Van Dusen, the *Mothershed* plaintiff sued judges from the Oklahoma and Arizona supreme courts, both states' bar associations, individuals who had served on the states' disciplinary tribunals, and other bar and court personnel. *Id.* at 605. He argued that the disciplinary actions in both states had been procedurally deficient, including the Oklahoma process because (in his view) it had not adhered to Oklahoma's own rules governing attorney discipline. *Id.* He brought state-law claims for (among other things) abuse of process, malicious prosecution, and intentional infliction of emotional distress; he brought federal claims under 42 U.S.C. § 1983 for violation of due process and equal protection. *Mothershed*, 410 F.3d at 605. The district court dismissed his case for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, and the Ninth Circuit affirmed. *Mothershed*, 410 F.3d at 604, 607-08.

"The *Rooker-Feldman* doctrine states that federal district courts may not exercise subject matter jurisdiction over a *de facto* appeal from a state court judgment." *Breck v. Doyle*, 2014 WL 4810301, *2 (D. Nev. Sept. 26, 2014). The doctrine governs "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Mothershed*, 410 F.3d at 606 (quoting *Exxon Mobil Corp. v. Saudi Bk. Indus. Corp.*, 544 U.S. 280 (2005)). "Under *Rooker-Feldman*, lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by

filing a petition for a writ of certiorari in the Supreme Court of the United States." *Mothershed*, 410 F.3d at 606. The *Feldman* case itself involved lawyers challenging bar-admission rules and yielded this more specific expression of the doctrine, which is useful here:

> [O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court.

*Feldman*, 460 U.S. at 482 n. 16 (quoted in *Mothershed*, 410 F.3d at 607).

The doctrine does not bar district courts from hearing "general challenges to state bar rules," such as those questioning the "general constitutionality" of such rules, so long as the suit does not — like Ms. Van Dusen's — "require review of a final court judgment in a particular case." *Id.* at 606-07 (quoting in part *Feldman*, 460 U.S. at 486). Under *Rooker-Feldman*, the Ninth Circuit decided: "The district court correctly concluded that it lacked subject matter jurisdiction over Mothershed's § 1983 and state law tort claims . . . ." *Mothershed*, 410 F.3d at 608. It accordingly affirmed their dismissal. *Id.* at 607-08; *see also Craig v. State Bar of California*, 141 F.3d 1353 (9th Cir. 1998) (*per curiam*) (dismissing lawyer's § 1983 claim against bar association under *Rooker-Feldman*); *Breck v. Doyle*, 2014 WL 4810301 at *1-*4 (discussing *Rooker-Feldman* in connection with challenge to bar disciplinary action).

The complaint alleges that the *Rooker-Feldman* rule does not bar this lawsuit because the state bar proceedings do not address the issues in the complaint.[6] But, at its core, the complaint challenges the interim suspension. *Mothershed* thus controls the outcome here. Ms. Van Dusen may not "collaterally attack state bar disciplinary proceedings in federal court." *See Mothershed*, 410 F.3d at 604. The court lacks subject-matter jurisdiction over Ms. Van Dusen's complaint under the *Rooker-Feldman* doctrine. *See id.* at 604-07.

Moreover, to the extent that there is any argument that Ms. Van Dusen raises a general challenge to state-bar practices that does not require review of the interim suspension, *Younger* abstention bars the court from addressing the issue. Absent extraordinary circumstances,

---

[6] *Id.* ¶ 3.

abstention in favor of state judicial proceedings is required if the proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *Hirsh v. Justices of Supreme Ct. of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982)). The attorney disciplinary proceeding is considered judicial in nature for purposes of *Younger* abstention. *Id.* It is ongoing, at least to the extent that it is part of a process for addressing the consequences that attach to Ms. Van Dusen's criminal conviction. (The complaint alleges that the record of conviction was transmitted to the state bar and appears as an "initiating document" on Ms. Van Dusen's state-bar website listing.[7]) Attorney disciplinary proceedings also implicate important state interests. *Id.*; *Middlesex*, 457 U.S. at 434. Moreover, Ms. Van Dusen has the right to avail herself of the original and plenary jurisdiction of the California Supreme Court and seek review of any disciplinary recommendation. *See* Cal. Rule of Court 9.13. Ms. Van Dusen thus has an adequate opportunity to address her federal constitutional claims for injunctive and declaratory relief. *Hirsh*, 67 F.3d at 711-713; *In re Rose*, 22 Cal. 4th 430, 447 (2000) (the California Supreme Court is an adequate forum to safeguard federal constitutional rights).

This disposition is not on the merits. Nonetheless, because the court does not have jurisdiction, the court dismisses the complaint without leave to amend. *See Cooper v. Ramos*, 704 F.3d 772 (9th Cir. 2012).

## CONCLUSION

The court dismisses the complaint without leave to amend.

**IT IS SO ORDERED.**

Dated: October 27, 2016

_____
LAUREL BEELER
United States Magistrate Judge

---

[7] Complaint — ECF No. 1, ¶ 4.

ORDER — No. 3:16-cv-04976-LB)        5