UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAN VAN DUSEN,

    Plaintiff,

v.

CATHERINE D. PURCELL, et al.,

    Defendants.

Case No. 16-cv-04976-EMC

**ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS**

Docket No. 30

Pending before the Court is Judge Beeler's report and recommendation ("R&R") to dismiss this case for lack of subject matter jurisdiction. *See* Docket No. 30. Pro se Plaintiff Jan Van Dusen filed a timely objection to the R&R on March 25, 2019. Docket No. 32 ("Objection"). For the reasons discussed below, the Court finds Judge Beeler's report is well reasoned and that the objection thereto is without merit for the reason stated in the R&R and those stated below.

Ms. Van Dusen, a lawyer, brought this lawsuit challenging the decision of the State Bar of California to suspend her license to practice law as a result of her conviction for animal cruelty. *See* Docket No. 29 ("Am. Compl."). The R&R recommended dismissal of the complaint without leave to amend because under the *Rooker-Feldman* doctrine, a "plaintiff cannot collaterally attack the state-bar disciplinary actions in federal court." R&R at 2 (citing *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 604 (9th Cir. 2005)). As the United States Supreme Court and the Ninth Circuit have explained:

> United States district courts . . . have subject-matter jurisdiction over general challenges to state bar rules, promulgated by state courts in nonjudicial proceedings, which do not require review of a final state-court judgment in a particular case. They do not have jurisdiction, however, over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.

*Mothershed*, 410 F.3d at 606–07 (quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)). Judge Beeler observed that although Ms. Van Dusen's complaint appeared to raise claims regarding general deficiencies in state-bar practices, "at its core, the complaint challenges the interim suspension" ordered against her. Docket No. 14 at 4. Accordingly, the court lacked subject-matter jurisdiction over the case. *Id.*

In her objection, Ms. Van Dusen concedes that "portions of my prayer requesting [relief] for myself personally violated the *Rooker-Feldman* doctrine." *Id.* at 2. However, she contends that her complaint also raises a general challenge to state-bar practices, and therefore asks the Court to allow her to amend the complaint to focus solely on the general challenge while removing any claims based on her particular case. *Id.* at 3.

Ms. Van Dusen is correct that if she were to amend the complaint to raise only a general challenge to state-bar practices, her claim would not be foreclosed by the *Rooker-Feldman* doctrine. *See Mothershed*, 410 F.3d at 607 ("[A] general attack on a [state bar's] rules may be heard by lower federal courts.") (citation omitted). Nevertheless, amendment would be futile because of the *Younger* doctrine. Under that doctrine, "abstention in favor of state judicial proceedings is required if the state proceedings (1) are on-going, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of the Supreme Court,* 67 F.3d 708, 712 (9th Cir. 1995). Judge Beeler has explained that *Younger* abstention bars consideration of Ms. Van Dusen's general challenge here because all three factors are present: Ms. Van Dusen's attorney disciplinary proceedings are ongoing, those proceedings implicate important state interests, and she has an adequate opportunity to address her federal constitutional claims in her state court proceedings. Docket No. 14 at 5.

Ms. Van Dusen objects that *Younger* abstention does not apply here because the State Bar has already rendered a final decision to suspend her, so her state proceedings are no longer "ongoing." *See* Am. Compl. ¶ 4. This argument misapprehends the law. "*Younger* abstention requires that the federal courts abstain when state court proceedings were ongoing *at the time the federal action was filed.*" *Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir. 1988) (emphasis added); *Canatella v. State of California*, 304 F.3d 843, 850 (9th Cir. 2002); *see* 17B Charles Alan

Wright et al., *Federal Practice and Procedure* § 4253 (3d ed. 2007) ("*Younger v. Harris* and its companion cases went to great pains to make it clear that the rules there laid down applied only if there was a prosecution pending in state courts at the time the federal proceeding was begun."). Because Ms. Van Dusen's disciplinary proceedings were still pending when this federal suit was filed in 2016, *Younger* abstention applies to bar her claims even though the proceedings have now concluded.

Also unavailing is Ms. Van Dusen's assertion that she did not or will not have an adequate opportunity to litigate her federal claims in state court. She believes that she will not have the benefit of an impartial forum in state court "because the California Supreme Court is a real party in interest in any complaint against the State Bar of California." Objection at 4. To be sure, *Younger* "abstention is inappropriate in the 'extraordinary circumstance' that the state tribunal is incompetent by reason of bias." *Hirsch*, 67 F.3d at 713 (citation omitted). But "one who alleges bias must overcome a presumption of honesty and integrity in those serving as adjudicators." *Id.* (quoting *Nenneally v. Lungren*, 967 F.2d 329, 333 (9th Cir. 1992)). Ms. Van Dusen has not alleged any facts to overcome that presumption. *See Allegrino v. State of California*, No. C06-05490 MJJ, 2007 WL 1450312, at \*7 (N.D. Cal. May 14, 2007) (holding that a "Plaintiff's threadbare allegations regarding bias of the State Bar Court judges, even if true, would be insufficient to overcome the presumption of honesty and integrity" for the purposes of establishing an "extraordinary circumstance" precluding *Younger* abstention). Accordingly, this Court is required to abstain from reviewing her claims, even if they are general challenges to state-bar practices.

The Court therefore **OVERRULES** Ms. Van Dusen's objection, and adopts Judge Beeler's R&R as the order of the Court. The action is hereby **DISMISSED without leave to amend**. This order disposes of Docket No. 30. The Clerk of the Court is ordered to close the file.

**IT IS SO ORDERED**.

Dated: May 1, 2019

_____
EDWARD M. CHEN
United States District Judge