UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN VAN DUSEN,<br><br>    Plaintiff,<br><br>v.<br><br>CATHERINE D. PURCELL, et al.,<br><br>    Defendants. | Case No. 16-cv-04976-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**<br><br>Docket No. 37 |

On May 1, 2019, the Court dismissed Plaintiff Jan Van Dusen's complaint without leave to amend. Docket No. 33 ("Order"). On May 8, 2019, Ms. Van Dusen filed a notice of appeal to the Ninth Circuit. Docket No. 35. On May 13, 2019, the Ninth Circuit referred the matter to this Court to determine whether Ms. Van Dusen's in forma pauperis ("IFP") status should continue for the appeal or whether the appeal is frivolous or taken in bad faith. *Van Dusen v. Purcell et al.*, No. 19-15984 (9th Cir. filed May 8, 2019), Docket No. 2. For the reasons set forth below, the Court **CERTIFIES** that the appeal is not taken in good faith, and therefore **DENIES** Ms. Van Dusen leave to proceed *in forma pauperis* on appeal.

## I. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trail court certifies in writing that it is not taken in good faith." An appeal is in good faith where it seeks review of any issue that is nonfrivolous. *Hooker v. American Airlines*, 302 F. 3d 1091, 1092 (9th Cir. 2002) (holding that revocation of previously-granted IFP status is appropriate where the district court finds the appeal frivolous). An issue is frivolous if it has "no arguable basis in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

## II. DISCUSSION

As the Order detailed, Ms. Van Dusen, a lawyer, brought this lawsuit challenging the decision of the State Bar of California to suspend her license to practice law as a result of her conviction for animal cruelty. *See* Docket No. 29. This Court adopted Judge Beeler's well-reasoned report and recommendation ("R&R") to dismiss the complaint because under the *Rooker-Feldman* doctrine, a plaintiff cannot collaterally attack state-bar disciplinary actions in federal court. Order at 1; *see Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 604 (9th Cir. 2005). Federal district courts have subject-matter jurisdiction only over "general challenges to state bar rules . . . which do not require review of a final state-court judgment in a particular case." *Mothershed*, 410 F.3d at 606–07 (quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)). And here, although Ms. Van Dusen's complaint appeared to raise claims regarding general deficiencies in state bar practices, at its core, it challenges the suspension ordered against her. Order at 2. Accordingly, the Court determined that it lacks subject-matter jurisdiction over the case. *Id.*

Objecting to the R&R, Ms. Van Dusen asked the Court to allow her to amend the complaint to focus solely on her general challenge to California's state bar practices while removing any claims based on her particular case. Docket No. 32 at 3. But the Court explained that such amendment would be futile because the *Younger* doctrine would require abstention in favor of Ms. Van Dusen's disciplinary proceedings in state court. Order at 2. Those disciplinary proceedings triggered *Younger* abstention because they (1) were on-going,[1] (2) implicated important state interests, and (3) provided Ms. Van Dusen an adequate opportunity to litigate her federal claims. *Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 712 (9th Cir. 1995). This Court therefore overruled Ms. Van Dusen's objection and dismissed her complaint without leave to amend. Order at 3.

---

[1] The state bar's decision to suspend Ms. Van Dusen became final during the pendency of her federal action, but "*Younger* abstention requires that the federal courts abstain when state court proceedings were ongoing *at the time the federal action was filed*." *Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir. 1988) (emphasis added). Ms. Van Dusen's disciplinary proceedings were still ongoing when this federal suit was filed in 2016, so her claims are barred even though the proceedings have now concluded.

2

Ms. Van Dusen's claims on appeal lack an arguable basis in fact or law for the same reasons. The Court of Appeals lacks subject-matter jurisdiction over her claims to the extent they pertain to the state bar's disciplinary decisions in her particular case. *See Mothershed*, 410 F.3d at 606–07. To the extent her claims are general challenges to state bar practices, they are foreclosed by the *Younger* abstention doctrine.

### III. CONCLUSION

Accordingly, the Court **CERTIFIES** that Ms. Van Dusen's appeal is not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DENIES** her motion for leave to proceed IFP on appeal.

This Order disposes of Docket No. 37.

**IT IS SO ORDERED**.

Dated: May 17, 2019

_____
EDWARD M. CHEN
United States District Judge